FILED
12:02 pm May 16 2019
Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JODI FLEMING,** | ) CASE NO. 1:19 CV 994 |
| ) | |
| **Plaintiff,** | ) JUDGE DAN AARON POLSTER |
| ) | |
| vs. | ) |
| ) | **MEMORANDUM OF OPINION** |
| **OHIO BELL TELEPHONE CO.,** *et al.*, | ) **AND ORDER** |
| ) | |
| **Defendants.** | ) |

*Pro se* Plaintiff Jodi Flemming filed this action in the Cuyahoga County Court of Common Pleas against the Ohio Bell Telephone Company ("Ohio Bell") and Ohio Bell Executives and Employees. She claims she was wrongfully terminated from her employment in 2013, in violation of the Americans with Disabilities Act ("ADA"). The Defendants removed the case to Federal Court and filed a Motion to Dismiss and a Motion for Sanctions. Defendants contend this is the fifth lawsuit Plaintiff has filed pertaining to her employment termination. In her last case filed in this Court, Plaintiff was notified that if she filed another action related to her termination from Ohio Bell, she could be sanctioned. Defendants ask that this case be dismissed on grounds of *res judicata* and sanctions be imposed against Plaintiff.

## I. BACKGROUND

Plaintiff was employed by Ohio Bell in Cleveland, Ohio. On November 8, 2012, Ohio Bell placed her on Disability Leave of Absence ("DLOA") while she was receiving treatment

for her back, shoulders, and hands. She also indicates she was receiving mental health treatment. She states that sometime after this occurred, she called the Human Resources One Stop line to ask a question and was informed that it was "illegal" for her to be on DLOA while she was also on medical leave. She was removed from DLOA and terminated from her employment.

Plaintiff has filed five charges with the United States Equal Employment Opportunity Commission and six lawsuits in state and federal court pertaining to this incident. Her first lawsuit was filed in this federal court against Ohio Bell on January 26, 2016. *See Fleming v. Tench*, No. 1:16 CV 185 (N.D. Ohio Apr. 25, 2016)(Gaughan, J.). She voluntarily dismissed that case on April 25, 2016.

Plaintiff filed her second lawsuit in this Court against her union and union officials complaining of her employment termination by Ohio Bell. *See Fleming v. Hogan*, No. 1:16 CV 688 (N.D. Ohio Apr. 18, 2016)(Gaughan, J.). That action was dismissed on the merits under 28 U.S.C. § 1915(e).

Ten days after her second lawsuit was dismissed, Plaintiff filed her third lawsuit. This one named Ohio Bell as the Defendant, but it was based on the same facts pertaining to her employment termination. *See Fleming v. Ohio Bell Tel. Co.*, No. 1:17 CV 898 (N.D. Ohio June 14, 2017)(Polster, J.). This lawsuit was dismissed on the merits in June 2017. At that time, this Court recognized Plaintiff as a vexatious litigant and enjoined her from filing any new lawsuits without first seeking and obtaining leave of court. *Id.*

Just over two months later, Plaintiff filed another lawsuit against Ohio Bell challenging her firing. *See Fleming v. Ohio Bell Tel. Co.*, No. 1:17 CV 1815 (N.D. Ohio June 21,

2018)(Boyko, J.). This time, Plaintiff retained an attorney and obtained leave to file the case. It was dismissed, however, on the grounds of *res judicata*. In the dismissal Order, Judge Boyko acknowledged this Court's prior finding that Plaintiff was a vexatious litigant and addressed Ohio Bell's request for monetary sanctions stating:

> Defendant contends that monetary sanctions are the only way to stop Plaintiff from engaging in vexatious litigation going forward. However, since the Court dismisses this action with prejudice, Plaintiff is barred from re-litigating this case a fifth time. Therefore, the Court declines to impose monetary sanctions on Plaintiff at this time. However, should Plaintiff file another lawsuit addressed by this Court's imposition of conditions as stated in this Order, Plaintiff may be ordered to pay attorney's fees and costs covering Defendant's Motion to Dismiss in this case, as well as the new filing.

*Id.*

Undeterred, Plaintiff filed two more cases against her union and Ohio Bell in the Cuyahoga County Court of Common Pleas. Her fourth lawsuit, *Fleming v. Shelton*, No. CV-19-913062 (Cuyahoga Cty Ct. Comm. Pl. filed Mar. 27, 2019) is still pending. Her fifth lawsuit began as *Fleming v. AT&T Corp.*, No. CV-19-913317 (Cuyahoga Cty Ct. Comm. Pl. filed Apr. 2, 2019) and was removed as this case to federal court as this case.

## II. STANDARD OF REVIEW

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law

regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court in *Iqbal*, 556 U.S. at 677-78, further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*. The Sixth Circuit has held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for

Summary Judgment. FED R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### III.  ANALYSIS

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if: (1) there was a prior final, valid decision on the merits by a court of competent jurisdiction; (2) the subsequent action involved the same parties, or their privies, as the first; (3) the subsequent action raises claims that were or could have been litigated in the first action; and (4) the subsequent action arises out of the transaction or occurrence that was the subject matter of the previous action. *U.S. ex. rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 415 (6th Cir. 2016).

All of these requirements are met in this case. Plaintiff received decisions on the merits of her claims against Ohio Bell in *Fleming v. Ohio Bell Tel. Co.*, No. 1:17 CV 898 (N.D. Ohio June 14, 2017)(Polster, J.) and *Fleming v. Ohio Bell Tel. Co.*, No. 1:17 CV 1815 (N.D. Ohio June 21, 2018)(Boyko, J.). In addition, she received a decision on the merits of her action against the union in *Fleming v. Hogan*, No. 1:16 CV 688 (N.D. Ohio Apr. 18, 2016)(Gaughan,

J.). This current action is based on the same facts as her prior cases and her claims in this case could have been or were addressed in those prior actions. Plaintiff is therefore precluded from litigating this matter for a fifth time.

Moreover, up to this point, the Court has been tolerant of Plaintiff's *pro se* filings, and has given her warnings to cease her vexatious and harassing filings. In fact, she was notified, twice, that continuing to file patently frivolous and harassing pleadings against the Defendants would result in sanctions requiring her to pay Defendants' filing fees and/or attorney fees in preparing the Motion to Dismiss. Plaintiff did not heed those warnings and in fact filed two additional cases against Ohio Bell and her union. Consequently, this Court grants Defendants' Motion for Sanctions and Orders Plaintiff to pay to the Defendants the sum of $400.00 within thirty (30) days of the date of this Order. Payment shall be made to the Defendants' counsel at their law office address. In addition, Plaintiff shall file a Notice of Compliance with the Court indicating that payment has been made as prescribed by the Order. Plaintiff is notified that if she fails to pay the sanction within thirty (30) days, she may be subject to collection proceedings by the Defendants, and may be called to appear before this Court to show cause why she should not be held in contempt of court.

Furthermore, Plaintiff is permanently enjoined from filing additional documents in this case or in prior cases she initiated in this Court, and is reminded that she is permanently enjoined from filing any new action in either state or federal court, without seeking and obtaining leave of court as set forth in this Court's prior Order. The Clerk's Office is ordered to return **unfiled** any such documents or new cases. Leave to file new cases will not be considered unless Plaintiff has fully paid all sanctions imposed upon her by this Court.

## IV.  CONCLUSION

Accordingly, this action is **DISMISSED**.  Plaintiff is ordered to pay to the Defendants the sum of $400.00 within thirty (30) days of the date of this Order.  Payment shall be made to the Defendants' counsel at their law office address.  In addition, Plaintiff shall file a Notice of Compliance with the Court indicating that payment has been made as prescribed by the Order. Plaintiff is permanently enjoined from filing additional documents in this case or in prior cases she initiated in this Court, and is reminded that she is permanently enjoined from filing any new action in either state or federal court, without seeking and obtaining leave of court as set forth in this Court's prior Order.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

*/s/ Dan Aaron Polster*   5/16/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.